FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 12, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JESS RICHARD SMITH,

    Plaintiff,

v.

KEITH GOODENOUGH, SCOTT BUTTICE and S. SUNDBERG,

    Defendants.

No. 4:17-CV-5060-SMJ

**ORDER DISMISSING COMPLAINT**

By Order filed July 25, 2017, Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A(a), ECF No. 15. The Court determined Plaintiff's claim that Defendant Goodenough issued a retaliatory infraction would be sufficient to require a response, but that Plaintiff's associational right claim and his due process claim regarding the loss of privileges and a custody demotion were insufficient to state a constitutional violation. The Court granted Plaintiff the opportunity to amend his complaint or to voluntarily dismiss within sixty (60) days.

Plaintiff, a prisoner at the Washington State Penitentiary, is proceeding *pro se* and *in forma pauperis*; Defendants have not been served. Plaintiff did not comply

**ORDER DISMISSING COMPLAINT** -- 1

with the instruction to amend. Rather, Plaintiff filed an interlocutory appeal which was dismissed for lack of jurisdiction on August 17, 2017, ECF No. 24.

Thereafter, Plaintiff sought relief from the Order to Amend or Voluntarily Dismiss by means of a motion under Fed. R. Civ. P. 60. ECF No. 25. That motion was denied on November 21, 2017, and Plaintiff was given additional time to amend or voluntarily dismiss. ECF No. 33. He did not do so and has filed nothing further in this action.

In his complaint, Plaintiff stated that he was infracted on March 17, 2017, for allegedly harassing another inmate. Although Plaintiff was found "not guilty" of the infraction ten days later, Defendants Buttice and Sundberg did not restore Plaintiff's television privileges or his custody level due to a "bad behavior report." ECF No. 1-1 at 18. Plaintiff presented no facts from which the Court could infer the actions of Defendants Buttice and Sundberg were retaliatory. Without more, the mere failure to immediately restore privileges is not a Fourteenth Amendment violation under *Sandin v. Conner,* 515 U.S. 472 (1995).

Although granted the opportunity to do so, Plaintiff did not amend his complaint to state a claim upon which relief may be granted against Defendants Buttice and Sundberg. Therefore, Plaintiff's claims against Defendants Buttice and Sundberg will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Court has weighed the factors required to be considered prior to dismissal, *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting five factors listed in *Henderson v. Duncan*, 779 F.2d 142, 1423 (9th Cir. 1986)), and finds that Plaintiff's allegations against Defendant Goodenough should be dismissed under Fed. R. Civ. P. 41(b), for failure to comply with an Order of the Court.

Accordingly, **IT IS ORDERED:**

1. The complaint, ECF No. 14, is **DISMISSED** in part with prejudice for failure to state a claim upon which relief may be granted against Defendants Buttice and Sundberg under 28 U.S.C. § 1915A(b)(1).

2. The complaint is **DISMISSED** in part without prejudice pursuant to Fed. R. Civ. P. 41(b).

3. Based on this Court's understanding of *Washington v. Los Angeles Cty. Sheriff's Dep't,* 833 F.3d 1048 (9th Cir. 2016), this dismissal will NOT count as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, enter judgment, provide a copy to Plaintiff and close the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 12th day of January 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge